VIRGINIA:



EXHIBIT 2

IN THE COURT FOR THE CITY OF NORFOLK

WENDY E. WARD,

    Plaintiff,

v.

7-ELEVEN, INC.,
T/A 7-ELEVEN

    Defendant.

Case No.: CL11-4660

## ANSWER

COMES NOW the defendant, 7-Eleven, Inc. t/a 7-Eleven (hereafter "7-Eleven"), by counsel, and in response to plaintiff's Complaint filed herein states as follows:

1. That with regard to Paragraph One (1) of plaintiff's Complaint, this defendant admits that it is a Texas corporation and that it regularly conducts business in the City of Chesapeake, Virginia.

2. That with regard to Paragraph Two (2) of plaintiff's Complaint, this defendant admits the allegations contained therein.

3. That with regard to Paragraph Three (3) of plaintiff's Complaint, this defendant admits that the plaintiff was on the property of its store number 10872 located at 1041 Battlefield Boulevard in the City of Chesapeake.

4. That with regard to Paragraph Four (4) this defendant lacks sufficient information to either admit or deny the allegations contained therein and they are therefore denied and strict proof thereof is demanded.

5. That with regard to Paragraph Five (5) of plaintiff's Complaint, this defendant denies the allegations contained therein and strict proof is demanded.

6. That Paragraph Six (6) of plaintiff's Complaint is a statement of law not requiring a response at this time.

7. That Paragraph Seven (7) of plaintiff's Complaint is a statement of law not requiring a response at this time.

8. That with regard to Paragraph Eight (8) of plaintiff's Complaint, this defendant denies the allegations contained therein and strict proof is demanded.

9. That with regard to Paragraph Nine (9) of plaintiff's Complaint, this defendant lacks sufficient information to either admit or deny the allegations contained therein, and they are there denied and strict proof is demanded.

10. That with regard to Paragraph Ten (10) of plaintiff's Complaint, this defendant denies any allegations of negligence contained therein, and strict proof is demanded. This defendant lacks sufficient information to either admit or deny the remaining allegations concerning Plaintiff's damages contained therein and they are therefore denied and strict proof thereof is demanded.

11. That this defendant denies that it is indebted to the plaintiff in the amount of THREE MILLION ONE HUNDRED SEVENTY-FIVE THOUSAND FIVE HUNDRED AND 00/100 Dollars ($3,175,500.00), or in any amount.

12. This defendant will rely on the defenses of contributory negligence, assumption of the risk and/or open and obvious condition.

13. That this defendant reserves its right to assert additional defenses to this cause, affirmative or otherwise, if it is later determined that such defense is available to it.

14. To the extent that any allegation is not specifically admitted, it is denied.

15. This defendant demands a trial by jury.

WHEREFORE, the defendant, 7-Eleven, Inc., prays that this court dismiss the Complaint filed by the plaintiff, and enter judgment in favor of the defendant, allowing it attorney's fees and costs in this behalf expended.

                                            7-ELEVEN, INC.,
                                            T/A 7-ELEVEN

                                      By: _____
                                                         Counsel

David L. Dayton, Esq.
VSB No. 31177
KALBAUGH, PFUND & MESSERSMITH, P.C.
555 East Main Street, Suite 1200
Norfolk, Virginia 23510
(757) 623-4500
(757) 623-5700 (facsimile)

## CERTIFICATE

I hereby certify that a true and accurate copy of the foregoing document was mailed, postage prepaid, this 7th day of July, 2011, to John E. Zydron, Esquire and Catherine M. Six, Esquire, Bennett and Zydron, P. C., 120 S. Lynnhaven Road, Suite 100, Virginia Beach, VA 23452, Counsel for plaintiff.

                                        _____
                                        David L. Dayton